## W. H. WIDNER v. J. L. YEAST.

BANKRUPTCY; *Error in Sustaining Demurrer; Practice.* Y. commenced suit in the circuit court of Knox county, Illinois, to recover on a claim for cattle sold W.; and while that suit was pending, W. was adjudged a bankrupt by the district court of the United States for the northern district of Illinois, under the statutes of the United States, entitled "Courts of bankruptcy — their jurisdiction, organization, and powers;" and afterward, and pending such bankruptcy proceedings, Y. recovered judgment in such suit and proved his judgment in such proceedings, and received the same dividends thereon as the other creditors of W. who had proved their claims. W. was afterward, by such district court and pursuant to the said statutes, discharged from his debts. This suit was commenced upon the judgment so recovered. The answer of W. is sub-

stantially in form and substance as provided in the statutes aforesaid. *Held,* That the court below erred in sustaining the demurrer to the answer on the ground that it does not state facts sufficient to constitute a defense. *Held,* That Y., by proving his judgment in the bankruptcy proceedings, made himself a party to such proceedings, and thereby, under § 5105 of the United States Statutes, discharged and surrendered his judgment, and thereafter he had no means of enforcing his claim, except such as were afforded by the bankruptcy court, and further that the discharge granted to W., described in his answer, released him from all liability on the judgment, and on the claim on which it was rendered.

## *Error from Lyon District Court.*

ACTION brought by *Yeast* against *Widner* and another, to recover $1,119.34, with interest from November 21, 1878, at 7 per cent. per annum. Plaintiff demurred to defendant's answer, on the ground that it does not state facts sufficient to constitute a defense to the action. At the March Term, 1884, the court sustained this demurrer, and rendered judgment against defendant for $1,570 and costs. *Widner* brings the case to this court. The opinion states the nature of the action, and the facts.

*I. E. Lambert,* and *Buck & Feighan,* for plaintiff in error.
*T. N. Sedgwick,* for defendant in error.

The opinion of the court was delivered by

HURD, J.: The defendant in error, by his petition in the court below, alleges that the —— day of ——, A. D. 188–, he commenced a suit in the circuit court of Knox county, Illinois, against the plaintiff in error, William H. Widner, and Ellen Widner ; that both were served with process, and that both entered their appearance in the suit and made defense thereto; that on the 21st day of November, 1878, at the October term of said circuit court, he recovered a judgment against the defendants in that suit for the sum of $1,119.34 ; that no part of the judgment has been paid, and that there is due him thereon the sum so recovered, with interest from the 21st day of November, 1878, at 7 per cent. per annum.

The plaintiff in error, defendant below, filed his separate

answer to the petition in the words and figures following, ( court and title omitted : )

"The above-named Wm. H. Widner, by I. E. Lambert, his attorney, for his sole and separate answer in the above cause says : That the said plaintiff ought not to have his said action against this defendant, because he says that the debt upon which the judgment mentioned in plaintiff's petition was rendered was due prior to the 26th day of February, 1878, and was created by a contract for cattle bought by defendant from plaintiff; that upon the 26th day of February, 1878, a petition for adjudication in bankruptcy was filed by the said W. H. Widner in the district court of the United States for the northern district of Illinois; that upon the 28th day of June, 1880, this defendant, the said W. H. Widner, was by the said United States district court for the northern district of Illinois duly and legally discharged in bankruptcy. A copy of the certificate of discharge is hereto attached, and marked ' Exhibit A,' and made a part of this answer. That during the pending of said bankruptcy, the claim of this plaintiff represented by said judgment was filed, proven and allowed by the court, and the said plaintiff received from said bankrupt's estate the dividends in the same amount and in the same manner as did the other creditors of this defendant in the said bankruptcy proceedings.

Wherefore, plaintiff prays judgment for costs herein."

" EXHIBIT A.

"*District Court of the United States, Northern District of Illinois.*—Whereas, William H. Widner, of Yates City, in the county of Knox, in said district, has been duly adjudicated a bankrupt under the Revised Statutes of the United States, title— 'Bankruptcy,' and appears to have conformed to all the requirements of law in that behalf; it is therefore ordered by the court, that said William H. Widner be forever discharged from all debts and claims which by said title are made provable against his estate, and which existed on the twenty-sixth day of February, A. D. eighteen hundred and seventy-eight, on which day the petition for adjudication was filed by him, William H. Widner, excepting such debts, if any, as are by law excepted from the operation of a discharge in bankruptcy.

" Given under my hand and the seal of said court, at Chicago, in the said district, this twenty-eighth day of June, A. D. eighteen hundred and eighty.

H. W. BLODGETT, *Judge.*

[ SEAL.]     WM. H. BRADLEY, *Clerk.*"

The plaintiff demurred to this answer, on the ground that it does not state facts sufficient to constitute a defense to the action. This demurrer was sustained by the court, and judgment was rendered against Widner on March 26, 1884, for

$1,570 and costs. Widner brings the case to this court by petition in error.

The allegations of the petition are not denied by the answer, and the allegations of the answer are admitted by the demurrer. Briefly, then, the facts shown by the petition and answer are, that prior to February 26, 1878, Widner was indebted to Yeast on contract, and suit had been commenced in the circuit court of Knox county, Illinois, to recover the amount claimed, and was then pending, and was defended by Widner, and afterward, on November 21, 1878, judgment was rendered against him. This suit is brought upon that judgment. On February 26, 1878, and while such suit was pending, Widner filed his petition in bankruptcy in the district court of the United States for the northern district of Illinois, under which he was afterward, on the twenty-eighth day of June, 1880, by that court, granted a discharge from his debts pursuant to the United States bankrupt law, then in force. Pending the proceedings in bankruptcy, Yeast proved his judgment, or the claim represented by the judgment, and received from Widner's estate in bankruptcy the same dividends as the other creditors who proved their claims.

As to all matters provided in the statutes of the United States, such statutes are supreme. If this answer conforms in form and substance to the provisions of those statutes, then it is sufficient and must be so held here, without regard to the statutes of this state or the practice of its courts. These statutes provide that the discharge granted in such proceedings in bankruptcy shall be conclusive as to the fact and regularity of the discharge, and shall release the bankrupt from all debts, claims, liabilities and demands which were proved or might have been proved against his estate in bankruptcy, and that such discharge may be pleaded in any suit brought to enforce any such claim "by a simple averment that on the day of its date such discharge was granted to the bankrupt, setting a full copy of the same forth in its terms, as a full and complete bar to all suits brought on any such debts, claims, liabilities, or demands."

Comparing the allegations of the answer with the provisions of these statutes, we are of the opinion that the answer is sufficient and the discharge properly pleaded.

It is now contended that Widner should have pleaded his discharge in the suit in the Illinois court. It is sufficient answer to say that the judgment was rendered before the discharge was granted. He has pleaded his discharge to the claim in suit the first opportunity he has had to so plead.

It is further contended that this judgment, rendered after the proceedings in bankruptcy were commenced, is not affected by the discharge. Section 5105 U. S. Revised Statutes provides that—

"No creditor proving his debt or claim shall be allowed to maintain any suit at law or in equity therefor against the bankrupt, but shall be deemed to have waived all right of action against him, and all proceedings already commenced or unsatisfied judgments already obtained thereon against the bankrupt shall be deemed to be discharged and surrendered thereby."

This section applies to judgments in force, when the proof of them or of the claim under them is made in the court in bankruptcy, whether rendered before or after the proceedings in bankruptcy were commenced. The defendant by proving his claim in the court in bankruptcy made himself a party to such bankruptcy proceedings, and subjected himself and his claim to the provisions of the section of the statute last cited.

It is evident from the allegations of the pleadings that Yeast made his proof in the court in bankruptcy after he recovered the judgment. By proving his judgment, or claim in judgment, he waived all right of action against Widner, and discharged and surrendered the judgment against him, and the only proceedings thereafter left to him for enforcing his claim were such as were afforded by the court in bankruptcy, and in such bankruptcy proceedings.

We think the discharge described in the answer released Widner from the claim sued on in this action, and that the answer states facts sufficient to constitute a defense.

The judgment is reversed, with instructions to the court below to overrule the demurrer.

All the Justices concurring.